HOWARD H. BALDRIDGE ET AL., APPELLEES, V. PETER
FOUST ET AL., APPELLANTS.

[FILED DECEMBER 17, 1889.]

1. **Action Quia Timet.** In an action by B. & D. to quiet the
   title to certain real estate in the city of Omaha it appeared that
   one H. had conveyed the land in 1857 to one M., with covenants
   of special warranty; that M. died during the war, and D. M.
   succeeded to his rights in the land ; that, in 1871, D. M. brought
   an action of ejectment against H. and recovered judgment; that
   the judgment was still in full force and that B. & D. possessed
   the title of D. M.: *Held*, That a decree quieting the title of B.
   & D. was fully sustained by the evidence.

2. ———— : VERDICT : DATE OF FILING OMITTED. That the failure
   of the clerk to mark the date of filing on the verdict of a jury will
   not prevent it from being introduced in evidence in a proper case.

3. ————. *Held*, That the decree was right and fully sustained by ·
   the evidence.

APPEAL from the district court for Douglas county.
Heard below before WAKELEY, J.

*Joseph H. Blair*, for appellant, cited : *Gibson v. Chou-
teau*, 13 Wall. [U. S.], 92–104 ; *Wilcox v. Jackson*, 13 Pet.
[U. S.], 497 ; *Irvine v. Marshall*, 20 How. [U. S.], 558 ;
*Fenn v. Holme*, 21 Id., 481 ; *Van Brocklin v. Tennessee*,
117 U. S., 167 ; *Patterson v. U. S.*, 2 Wheat. [U. S.], 221 ;
*Foot v. Glover*, 4 Blackf. [Ind.], 313 ; *Tribble v. Davis*, 3
J. J. Marsh. [Ky.], 634; *Hurt v. Moore*, 19 Tex., 270 ;
Freeman, Judgments [3d Ed.], sec. 30c; 1 Greenleaf, Ev.
[14th Ed.], sec. 532.

*Charles B. Kellar*, and *Howard H. Baldridge*, for ap-
pellees, cited : *Fitzer v. McCannan*, 14 Wis., 67 ; *Kelton v.
Bevins*, 3 Tenn., 90; *Carr v. Stevenson*, 5 Humph. [Tenn.],
559 ; *Nye v. Manwell*, 14 Vt., 14; *Elkins v. Parkhurst*, 17
Id., 105 ; *Bagley v. Morrill*, 46 Id., 94; *Huntington v. Rip-*

*ley*, 1 Root [Conn.], 321; *Elswick v. Nowson*, 9 Dana [Ky.], 269; *Hickman v. Southerland*, 4 Bibb [Ky.], 194; *Cane v. Watson*, Morris [Ia.], 52; *Tyson v. Passmore*, 7 Pa. St., 273; *Brandon v. Fritz*, 94 Id., 88; *Reeder v. Smith*, 1 Har. & M. [Md.], 158; *Easton v. Snavely*, 4 Har. & J. [Md.], 118; *Pierce v. Schaden*, 62 Cal., 283; *Friedman v. Nelson*, 53 Cal., 589; *DeLevillain v. Evans*, 39 Cal., 120; *Everett v. Boardman*, 58 Ill., 429; *Cutler v. Tuffts*, 3 Pick. [Mass.], 272; *Drummond v. Romme*, 1 N. J. L., 75; *Soria v. Davidson*, 53 N. Y., Super. Ct., 52; *Bishop v. Cook*, 13 Barb. [N. Y.], 329; *Haines v. Lindsey*, 4 Ohio, 90; *Bank v. Telegraph Co.*, 30 Ohio St., 555; *Walsh v. Trevaniom*, 15 Ad. & E. [Eng. Q. B.], 734; *Young v. Smith*, 35 Beav. [Eng.], 87; *Bailey v. Lloyd*, 5 Russell [Eng. Ch.], 330; Freeman on Judgments, sec. 54.

MAXWELL, J.

This is an action to quiet the title in the plaintiffs to certain real estate in the city of Omaha.

It is alleged in the petition that "the said plaintiffs have the legal title in fee to, and are in peaceable possession of, the following described piece of land, situated in the county of Douglas, and state of Nebraska, to-wit: Beginning on the north line of the south half of the northwest quarter of section 15, township 15, and range 13 east, 6th P. M., at a point eight feet east of the west line of Nineteenth street, as extended and shown on the plat of Horbach's Second addition to the city of Omaha, and running thence south 107 feet, thence west 132 feet, thence north 107 feet, thence east 132 feet to the place of beginning, being a portion of lots 5 and 6, block 4, Horbach's Second addition to the city of Omaha, as the same is surveyed, platted, and recorded, and a strip of land eight feet wide by 107 feet long, out of the west side of Nineteenth street, fronting and adjoining on the east of said fractional lots.

"And the said plaintiffs further allege that Peter Foust, one of the above named defendants, or his co-defendant, John A. Horbach, in his, the said Foust's, name sets up and claims an estate and interest of the said plaintiffs in and to said premises, which said estate and interest the plaintiffs believe is claimed under and by virtue of a pretended tax deed issued on the 3d day of February, 1874, by A. C. Althaus, treasurer of Douglas county, Nebraska, and recorded in book 15 of deeds, page 419, in the office of the register of deeds of Douglas county, Nebraska, pretending to convey the said premises to said Foust, under a purchase of said premises on the 2d day of October, 1871, at a treasurer's sale for the taxes of 1870.

"And the said plaintiffs further allege that said treasurer's deed is null and void, and conveys no title to said premises to the said Foust, but that said claim and interest in said premises, by virtue of said pretended deed, thereby beclouds the title of the plaintiffs thereto, and if the said Foust has any interest in said premises it is only the interest of a lienor who has paid taxes on said property.

" But the aforesaid plaintiffs allege that the said Foust himself did not pay any taxes or purchase said property, or receive the certificates from the treasurer of Douglas county for the purchase of said property, but that said taxes were paid and purchase made by said John A. Horbach, one of the defendants in this case, who at that time claimed the title to said premises, and that he paid said taxes in the name of Peter Foust, and had the treasurer issue the certificates of sale and the pretended deed in the name of the said Foust, but for his, the said Horbach's, benefit, and for the protection of the title, which he claimed to hold, of said property.

"And the plaintiffs allege that the said John A. Horbach and Lucinda Randolph, defendants, as lienors, by reason of having paid certain taxes on said property, or otherwise, have some pretended interest in the premises,

which beclouds the title of the plaintiffs thereto. And the said plaintiffs hereby offer and stand ready to pay any and all claims, with lawful interest, which the defendants have against said premises by reason of taxes or assessments paid by them, which have been lawfully assessed against said premises, and which the plaintiffs ought in equity to pay."

To this petition Horbach filed an answer, in which he alleges in substance:

First—That the plaintiffs are not the owners of the legal title of the land in question or have any right of possession therein.

Second—That the defendant Horbach is the lawful owner in fee simple of said land, and is entitled to a decree quieting his title.

He therefore prays that his title to the same may be quieted and confirmed. On the trial of the cause a decree was rendered in favor of the plaintiffs, from which the defendant Horbach appeals to this court.

The testimony tends to show that on the 5th day of December, 1857, John A. Horbach and wife conveyed the property in question to one Alexander McKinney, with covenants of special warranty, "against the said parties of the first part and their heirs, and against all and every person or persons lawfully claiming or to claim the same by, from, or under the said parties of the first part, shall and will warrant and by these presents forever defend," etc. McKinney died during the war, and in January, 1871, one David McKinney, who had succeeded to the rights of Alexander in the land in question, brought an action in ejectment against John A. Horbach, and on the trial of that case a verdict was returned in his favor, and, a motion for a new trial having been overruled, judgment was entered on the verdict. That judgment is still in full force and it is decisive of this case.

There are a number of stipulations in the record which need not be referred to.

Considerable stress is laid upon the fact that the verdict found with the papers in the ejectment case contained no filing mark, but this is not a fatal objection. It was fully identified as the verdict and the failure of the clerk to enter the date when filed would not prevent it from being used as evidence in the case.

A considerable effort was made on behalf of the defendant to mystify the descriptions of the land and hence the location, but the clear weight of evidence sustains the descriptions set out in the plaintiff's petition.

It is evident that justice has been done in the premises, and the judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.